**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RYAN MASSENGILL,

        Petitioner,

v.                                                  Case Number: 09-CV-15005
                                                  Honorable Nancy G. Edmunds

PATRICIA TREVINO,

        Respondent.

_____/

## **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## **I. INTRODUCTION**

This is a habeas case filed under 28 U.S.C. § 2241. Petitioner Ryan Massengill is currently on conditional release and is under the supervision of the United States Probation Office in the Eastern District of Michigan. On September 17, 2001, Massengill was found not guilty, by reason of insanity, for armed bank robbery in violation of 18 U.S.C. § 2113, by the Honorable John Corbett O'Meara. *United States v. Massengill*, No. 01-CR-80550-1 (E.D. Mich. Sept. 17, 2001). He was committed to the custody of the Attorney General, consistent with 18 U.S.C. § 4243(e). After being conditionally released and re-committed, Massengill was ultimately placed on conditional release.

On January 19, 2007, Judge O'Meara ordered that Massengill be conditionally released from the custody of the Attorney General, pursuant to 18 U.S.C. § 4243(f), and be placed under the supervision of the United States Probation Office. On July 24, 2008, Massengill filed a motion for release from supervision. On November 16, 2009, he filed a motion to compel judgment, which is still pending. This habeas petition was filed on December 24, 2009. For the reasons stated below, the Court will deny the petition.

## II. DISCUSSION

Massengill seeks immediate and total release from the supervision of the United States Probation Office. In essence, he is petitioning this Court for a termination of the conditional release imposed on him by Judge O'Meara, pursuant to 18 U.S.C. § 4243(f)(2)(A) and (B), and for full and unconditional discharge. Because Massengill has other remedies available to him, he is not entitled to habeas relief under 28 U.S.C. § 2241. Although Massengill's petition states a cognizable claim, because 28 U.S.C. § 2241 authorizes the habeas court to determine whether the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), "habeas corpus is an extraordinary remedy typically available only when 'the petitioner has no other remedy.'" *Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004) (citing *Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir. 2002)).

Massengill has an available remedy to challenge his conditional release. The applicable statute, 18 U.S.C.§ 4243, permits the court that placed him on conditional release to modify or terminate his conditions of release. "The court at any time may, after a hearing employing the same criteria, modify or eliminate the regimen of medical, psychiatric, or psychological care or treatment." 18 U.S.C. § 4243(f)(2).

Additionally, paragraph 14 of the order, issued by Judge O'Meara in Massengill's criminal case, states that "[a]ny party requesting modification or termination of the conditions of release shall submit adequate documentation supporting the request through the Supervisory U. S. Probation Officer, to the Civil Division of the U.S. Attorney's Office for the Eastern District of Michigan, for determination as to whether a motion for release should be filed." *United States v. Massengill*, No. 01-CR-80550-1, at 3, ¶ 14 (E.D. Mich.

Jan. 19, 2007); See *Knox v. Creech*, No. 08-3482-HMH, 2008 WL 4877463 (D.S.C. Nov. 10, 2008) (petitioner challenging his conditional release pursuant to 18 U.S.C. § 4243 was not entitled to habeas relief because there were other statutory remedies that were available to him).

Only the court that issued the order may grant the statutory relief petitioner seeks; to be released from the supervision of the United States Probation Office and to have his conditional release terminated. *Archuleta*, 365 F.3d at 649 (habeas petition in which petitioner sought conditional or unconditional release under 18 U.S.C. § 4243 was transferred to court that issued the commitment order because only the court that committed petitioner could grant statutory relief that petitioner sought). In this case, Massengill filed a motion for release from supervision with Judge O'Meara and his motion has not yet been ruled upon. Since Judge O'Meara signed the order placing petitioner on conditional release, only that district court judge can modify or terminate his conditional release. 18 U.S.C. § 4243(f)(2).

Massengill's challenges regarding conditional release and supervision by the United States Probation Office are not properly before this Court. He has other remedies available to him and the only courts that have authority to exercise jurisdiction over his request for termination of his conditional release pursuant to 18 U.S.C. § 4243 are the court that entered the order placing him on conditional release and the United States Court of Appeals for the Sixth Circuit

Furthermore, to the extent Massengill alleges that the conditions imposed are

unconstitutional, his claim is without merit.  Section 4243(f)(2) provides that after determining that the acquitted person's

> conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall –
>
> (A) order that he be conditionally discharged under a prescribed regimen of medical, psychiatric, or psychological care or treatment that has been prepared for him, that has been certified to the court as appropriate by the director of the facility in which he is committed, and that has been found by the court to be appropriate; and
>
> (B) order, as an explicit condition of release, that he comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment.

"The statutory procedure and substantive standard [set forth in § 4243] are clearly constitutional." *Archuleta*, 365 F.3d at 648.  Many of the conditions imposed on Massengill relate to his medical, psychiatric, or psychological care or treatment.  Further, the additional conditions placed on him are also proper.  "[T]he district court can also authorize other conditions to assure the safety of the general public and grant the release." *United States v. Phelps*, 283 F.3d 1176, 1187 (9th Cir. 2002).  The court can impose conditions "related to the mental illness" such as "close and careful monitoring of [Massengill's] activities." *Id.* at 1186.

The conditions imposed on Massengill are reasonable and rationally related to his medical, psychiatric, and psychological treatment.  The conditions are designed to ensure that he does not pose substantial risk of bodily injury to another person or serious damage to property of another.  These conditions are necessary to ensure public safety. Therefore, if Massengill were to argue that the conditions imposed are unconstitutional, his claim is

4

wholly without merit. Further, to the extent Massengill is requesting that this Court modify or terminate his conditions, that request is denied.

## III. CONCLUSION

For the reasons stated above, this Court concludes that Petitioner Massengill is not entitled to federal habeas relief on the claims presented in his petition.

Accordingly, **IT IS ORDERED** that the "Petition for Writ of Habeas Corpus" is **DENIED WITH PREJUDICE**. (Dkt. # 1.) Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Massengill need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 31, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2010, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager